# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GUY DUNHAM, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV415-136 |
| CENTRAL STATE PRISON, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

After affirmance of his conviction for aggravated battery, *see Dunham v State*, 315 Ga. App. 901 (2012), petitioner Guy Dunham filed for state habeas relief on May 22, 2013, which was denied on March 30, 2015. Doc. 1 at 6. He now petitions this Court for 28 U.S.C. § 2254 relief. *Id.* Upon preliminary review under 28 U.S.C. § 2254 Rule 4, his petition must be dismissed.

Dunham ostensibly asserts five counts -- one for ineffective assistance of counsel ("IAC"), and four for various trial and prosecutorial errors. Doc. 1 at 15-17. His IAC "count," however, contains fourteen sub-parts, which Dunham calls "supporting facts" but which are in actuality separate claims for relief. *Id.* at 15-16. The four other counts

also contain "supporting facts," none of which are factual. A sampling of the various counts serves to illustrate the fatal flavor of Dunham's petition.

Trial counsel Nicholas Pagano, for example, allegedly "failed to make all of the proper objections to the State being allowed to introduce 'similar transaction' evidence[,] . . . failed to conduct the appropriate investigation to learn of state witnesses legal immigration status before trial . . . [and] failed to renew his motion for mistrial when the 'similar transaction' witness presented evidence of occurrences not approved by the trial court," among other errors. *Id.* at 15. Appellate counsel Steven Sparger thereafter "failed to raise issue on direct appeal that evidence was insufficient to prove [Dunham] was the primary aggressor[, and] . . . failed to present any evidence of the offensive tools used against [Dunham]," in addition to numerous other mistakes. *Id.* at 16.

The trial court itself erred by "cutting off all inquiry about State's witnesses immigration status[,] . . . [prohibiting] trial counsel from mentioning to state witnesses any claims of self-defense until after [Dunham] had testified," and "erroneously charging the jury on malice and intent." *Id.* at 17. Finally, the prosecutor committed a *Brady*

2

violation by "suppressing exculpatory statements of State witnesses." *Id.*

Despite all those alleged shortcomings, it ultimately is Dunham's failure to provide factual bases for any of his claims that dooms his petition. Under the Eleventh Circuit's heightened pleading standard for habeas claims, Dunham's "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."). Petitioners like Dunham therefore "cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged

no facts to establish truth of his claims beyond bare conclusory allegations)." *Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga. May 13, 2015).

That means that

> it is not enough to state that something "bad" happened and it constituted legal error. [Dunham] must show that he presented that claim to the state court, how it ruled, and, most importantly, that it "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).'" *Owens v. McLaughlin*, [733 F.3d 320, 324 (11th Cir. 2013]. Too, the constitutional error must have had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Owens*, 733 F.3d [at 324].

*Potter v. Taylor*, 2013 WL 5947020 at * 4 (S.D. Ga. Nov. 26, 2013).

*Potter* also illuminates the additional pleading and proof requirements when ineffective assistance of counsel (IAC) claims are raised in § 2254 petitions. *Id.* at * 2; *see also Allen v. Perry*, 2015 WL 3917084 at * 7 (S.D. Ga. June 25, 2015).[1] Dunham comes nowhere close

---

[1] "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)); *see also* 28 U.S.C. § 2254(d) (requiring deference to state court adjudications unless they "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

to pleading that here. He doesn't even begin, for example, to cite to the trial record where a particular act or omission constitutes a habeas-level error, much less how and why the state trial, direct appeal, and collateral attack court rulings failed the otherwise highly deferential habeas standard of review that must be applied here. Nor is it this Court's function to raise and develop such claims for him; otherwise,

---

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding").

IAC claims are subject to their own internal layer of deference because courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). "Surmounting *Strickland*'s high bar is never an easy task," *Harrington*, 562 U.S. at 88 (cite omitted), and no hindsight or second-guessing is permitted. *Id.* But where a state court has already ruled on IAC claims, the petitioner's burden of

> [e]stablishing that [his] application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so. *Knowles*, 556 U.S., at, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at [——, 129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* at 88. Because this "[d]ouble deference is doubly difficult for a petitioner to overcome . . . it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 911 (11th Cir. 2011); *Hamner v. Deputy Sec'y of the Fla. Dep't of Corr.*, 438 F. App'x 875, 880 (11th Cir. 2011) ("Our standard of review is 'doubly deferential' when 'a Strickland claim [is] evaluated under the § 2254(d)(1) standard.'") (quoting *Knowles*, 129 S.Ct. at 1420).

all of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him.

*Chavez*, 647 F.3d at 1061.

Accordingly, Dunham's § 2254 petition (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 1st day of September, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA